BULLARD *v.* HOLMAN *et al.*

No. 11949.   October 16, 1937.

Frank S. Twilly, for plaintiff in error.

A. N. Durden and S. C. Walden Jr., contra.

Little, Powell, Reid & Goldstein, for persons at interest.

Russell, Chief Justice.   J. C., W. C., Grady, and J. L. Holman, a partnership trading under the name of J. C. & W. C. Holman Mule Company, filed suit in Mitchell superior court against W. W. Bullard on a promissory note and sales agreement executed by W. W. Bullard and H. T. Bullard.   The defendant filed a plea that the plaintiff was a partnership, but that the trade-name thereof had never been registered with the clerk of the superior court of Mitchell County, and that said trade-name had not been registered with the clerk of the superior court of Dougherty County, where the plaintiff's principal office and place of business was located, until nine days after the filing of the suit; and that because of such failure to register its trade-name the plaintiff could not maintain this action.   He demurred to the petition generally as setting forth no cause of action, and specially to a specified paragraph on the ground that one of the signers of the note, H. T. Bullard, was a necessary party to said suit but was not made a defendant.   He filed also an answer setting up accord and satisfaction.   Thereafter by amendment the defendant attacked section 5 of the act of the General Assembly approved March 29, 1937, as follows:   "That section five of the trade-name act, approved March 29, 1937, [which] provides:   'The effect hereof shall be that no contract or undertaking entered into by any person, firm, or corporation, whether heretofore or hereafter entered into, shall be invalidated or declared illegal on the ground that the same was entered into in a trade or partnership name not filed or registered in accordance with the laws in force at the time such contract or undertaking was entered into, but all such contracts and undertakings are expressly validated, as against any such objection; and no suit or action, heretofore or hereafter instituted by any such person, firm, partnership or corporation, whether sounding in contract, or tort, shall be defeated because

of such failure to register. But the party who has failed to register his trade or partnership name at the time suit is filed, as required by this act, shall be cast with court costs,' is retrospective and violates paragraph two of section three of article one of the constitution of this State, . . which provides that no retroactive law shall be passed." On the issues made by the demurrer and plea in bar the court rendered the following judgment: "The plea in bar in this case was submitted to the court to pass upon the law and facts and render final judgment, subject to the right of each party to appeal from said judgment by bill of exceptions. The demurrers interposed by the defendant, both general and special, are hereby overruled. After agreed statement of facts submitted, and after argument of counsel for both sides, it is ordered and adjudged by the court that judgment be and the same is hereby rendered in favor of the plaintiff and against the defendant on the plea in bar. The court holds that the act of the General Assembly, approved the 29th day of March, 1937, is remedial in its nature, valid, and does not contravene any of the provisions of the constitution of the State of Georgia. The issues made by the petition and defense as to the merits of the cause are not decided. This judgment goes only to the demurrers and plea in bar." The defendant excepted to this judgment, and in the brief of counsel only two questions are insisted on: First, that the note sued on in this case was executed jointly by H. T. Bullard and W. W. Bullard as joint makers, and that the failure of the plaintiff to join H. T. Bullard as a party defendant, without showing that he is dead or could not be found, is fatal to the case, and the petition should have been dismissed on demurrer. Second, that section 5 of the act approved March 29, 1937, is unconstitutional as applied to a note which (quoting from the brief) "became barred under the act of 1929 (Code, § 106-301 et seq.), and before the passage of the act of 1937, approved March 29th."

■ This was a plain suit on a note asking a common-law judgment for a stated amount. It appears from the record that the defendant presented various defenses, and more than once amplified them by amendment; but since only two questions are insisted upon in the brief of counsel, any other contentions will be treated as abandoned. The first point insisted upon by defendant is that the note sued on was executed by H. T. Bullard and W. W.

Bullard as joint makers, and that the failure of the plaintiff to join H. T. Bullard as a party defendant, without showing that he is dead or can not be found, is fatal to the case, and that for this reason the petition should have been dismissed upon demurrer. This position is untenable, in view of the seventh subsection of § 14-217 of the Code, which declares: "Where an instrument containing the words, 'I promise to pay,' is signed by two or more persons, they are deemed to be jointly and severally liable thereon." Counsel cites several cases to support a contrary position, but examination discloses that in each of these cases the word "we" or its equivalent, instead of the word "I," was employed, and therefore the distinction is very apparent. .

■ The second point insisted upon in behalf of the plaintiff in error is that section 5 of the act approved March 29, 1937 (Ga. L. 1937, p. 804), is unconstitutional as applied to a note which "became barred under the act of 1929 (Code, § 106-301 et seq.), and before the passage of the act of 1937, approved March 29th." The question of the constitutionality of the act of 1937, supra, is naturally one of great importance; for it is, of a public nature, and not related merely to the rights of the litigants in a particular case. The act of 1929, which required persons carrying on a business in a trade-name to register their real names with the clerk of the superior court, and providing that it should be unlawful to conduct business under such assumed or trade-name without so registering, was an exercise of the police power of the State. Consequently it was enacted for the protection of the public, and not for the benefit of any particular individual or calling. Since the General Assembly has repealed the trade-name act of 1929 (Code, §§ 106-301 to 106-304) by the passage of the act of 1937, it could serve no useful purpose to refer to previous decisions to which we have been cited, and their relation to the act of 1929. Whether the defense asserted by the plaintiff in error is good must depend on whether the act of 1937 is void for the reason that it violates the provision of our constitution prohibiting the enactment of any retroactive law. The constitution expressly prohibits the passage of retroactive statutes, and, as aptly stated in the brief of able counsel representing amici curiæ, they are prohibited by the first principles of justice. On the other hand, a statute which may be retrospective in its operation is not

necessarily condemned by the constitutional provision or by any principle of justice. In 6 R. C. L. 307, § 293, it is said that a State constitution broadly prohibiting the passage of retroactive laws is to be so restricted as to apply only to enactments affecting or impairing vested rights. This court announced a similar rule in *Hammack* v. *McDonald*, 153 *Ga.* 543 (113 S. E. 83), following the opinion of this court in *Pritchard* v. *Savannah St. R. Co.*, 87 *Ga.* 294 (13 S. E. 493), and *Mills* v. *Geer*, 111 *Ga.* 275 (36 S. E. 673, 52 L. R. A. 934), in holding that a mortgage not entitled to registration under the law of force at the time of its execution could be lawfully registered under a subsequent statute, and that the later law was not thereby retroactive in the prohibitive sense. In the rulings just cited this court has definitely settled the law to be that our constitution forbids the passage of only those retroactive, or rather retrospective, laws which injuriously affect the vested rights of citizens. The general rule throughout the United States is that a State legislature may constitutionally repeal, alter, or modify State laws enacted under the police power for the protection of the public, without violating any express or implied constitutional prohibition against retroactive statutes. And the more especially is this true where no vested rights are thereby disturbed. The same rule which forbids interference with vested rights likewise prevents the disturbance of vested defenses. There is no distinction, and there can be none, between a vested right of action and a vested right of defense.

In 6 R. C. L. 318, § 306, it is said: "It is generally conceded that no one has a vested right to a defense based on mere informalities, especially when such informalities consist of matters which originally could have been dispensed with by the legislature; though the legislature has no power, by a subsequent curative statute, to remedy a jurisdictional defect, or one which obviously goes to the substance of a vested right." It is stated in 12 C. J. 973, § 553: "A vested ground of defense is as fully protected from being cut off or destroyed by an act of the legislature as is a vested cause of action. The legislature may, however, deprive a party of technical defenses involving no substantial equities." The same thought was most forcibly expressed many years ago by Mr. Chief Justice Holmes, of the Supreme Judicial Court of Massachusetts, for many years later an Associate Justice of the

Supreme Court of the United States, in declaring that "a party has no vested right in a defense based upon an informality not affecting his substantial equities . . there is no such thing as a vested right to do wrong." Danforth *v.* Groton Water Co., 178 Mass. 472 (59 N. E. 1033, 86 Am. St. R. 495). In Judge Holmes' opinion he cited and discussed Hewett *v.* Wilcox, 1 Metcalf, 154, and Ewell *v.* Daggs, 108 U. S. 143 (27 L. ed. 682). The case of Ewell *v.* Daggs concerned the subject of usury; and the Supreme Court of the United States held that a statute which repealed existing usury laws and destroyed defenses to existing contracts did not deprive parties of vested rights nor impair the obligations of contracts. Mr. Justice Matthews, delivering the opinion, said: "And these decisions rest upon solid ground. Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the act, the more general and deeper principle on which they are to be supported is, that the right of a defendant to avoid his contract is given to him by statute, for purposes of its own, and not because it affects the merits of his obligation; and that whatever the statute gives, under such circumstances, as long as it remains *in fieri,* and not realized by having passed into a completed transaction, may, by a subsequent statute, be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit which he has received as the consideration of the contract, which, contrary to law, he actually made, is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur. That principle has been repeatedly announced and acted upon by this court. [Citing authorities.] The right which the curative or repealing act takes away in such a case is the right in the party to avoid his contract, a naked legal right which it is usually unjust to insist upon, and which no constitutional provision was ever designed to protect." See also *Pritchard* v. *Savannah St. R. Co.,* supra (perhaps the leading case in this State) ; *Mills* v. *Geer,* supra; Perry *v.* Denver, 27 Colo. 93 (59 Pac. 747) ; DeLand *v.* Platt Co., 54 Fed. 823; Gaston *v.* Merriam, 33 Minn. 271 (22 N. W. 614).

In the elaborate and well-argued brief of able counsel for the plaintiff in error we are cited to the decision of the majority of this court in *Bussey* v. *Bishop,* 169 *Ga.* 251 (150 S. E. 78, 67 A.

L. R. 287), and there are quoted excerpts from this decision. However, we must bear in mind that the decision in that case is not binding authority, not being the judgment of a unanimous court. Upon a critical examination of the opinion it appears that Justice Hines, speaking for a majority of the court, did not hold that the act under review was unconstitutional, but simply construed it not to have application to a claim against which the statute had run before the act was passed. The ruling that the act did not apply to the case under consideration was conclusive of the question under consideration; and anything that might have been added as to the validity of the act, if given a construction which the court declined to give it, was necessarily obiter dictum. Furthermore, the *Bussey* case is in conflict with *Pritchard* v. *Savannah St. R. Co.,* supra, which was a full-bench decision, and the ruling in the *Bussey* case must yield to the older authority. After a careful examination of the record and of the splendid briefs furnished by counsel, we are of the opinion that the court did not err in holding that the act of 1937, supra, repealed the existing law, and that it was a valid and constitutional exercise of power on the part of the General Assembly. The court did not err in rendering judgment in favor of the plaintiff on the plea in bar. *Judgment affirmed. All the Justices concur.*