25971. HUTTO v. ROWLAND.

SUBMITTED SEPTEMBER 14, 1970—DECIDED OCTOBER 14, 1970—REHEARING DENIED NOVEMBER 5 AND NOVEMBER 18, 1970.

W. O. Cooper, Jr., Clarence H. Clay, Jr., for appellant.

John M. Hancock, Jr., for appellee.

FELTON, Justice. There is no merit in appellant's contention that the appellee is estopped by an earlier judgment in a case where the appellee filed a complaint against appellant to contest a primary nomination of appellant for said office by the Democratic party and to prevent his name from being placed on the general election ballot. Admittedly, the contest complaint was filed too late .under the provision of law governing the same and complainant's complaint was dismissed. The provisions of law cited in the statement of the case have reference to the contest of a candidate who lost an election and seeks to oust an opponent so as to claim a nomination or an election for himself. The present complaint is not in this category and is authorized under a different theory, the right of any citizen, voter and taxpayer to contest the qualifications of an officer who has been elected to and is discharging the duties of an office. *Cutts v. Scandrett*, 108 Ga. 620 (2) (34 SE 186); *Hulgan v. Thornton*, 205 Ga. 753 (55 SE2d 115). 2. The Georgia Constitution, Art. II, Sec. II, Par. I (*Code Ann.* § 2-801) provides in part as follows: "[T]he following classes of persons shall not be permitted to . . . hold any office . . . in this State, to-wit: 1st. Those who shall have been convicted in any court of competent jurisdiction of . . . any crime involving moral turpitude, *punishable by the laws of this State with imprisonment in the penitentiary. . .*" (Emphasis supplied.) *Code* § 89-101 provides in part as follows: "The following persons are held and deemed ineligible to hold any civil office, and the existence of any of the following states of facts shall be a sufficient reason for vacating any office held by such person . . . , viz: . . . 3. . . Any person convicted

and sentenced finally for any felony, under the laws of this or any other State, involving moral turpitude, *the offense being also a felony in this State. . ."* (Emphasis supplied.) Our courts have consistently held that the unlawful sale of intoxicating liquors is not a crime involving moral turpitude. It would seem to follow that transporting and possessing nontax-paid liquor is not such a crime under Georgia law. The trial court, therefore, correctly held that the appellant is not disqualified to hold the office involved, because the transportation and possession of nontax-paid liquor is not, under Georgia law, a crime involving moral turpitude, unless a different result is demanded by the provisions of the Georgia Election Code, specifically *Code Ann.* § 34-107 (Ga. L. 1964, Ex. Sess., pp. 26, 33), which reads in part as follows: "No person shall be eligible for party nomination for or election to public office . . . who has been convicted and sentenced in any court of competent jurisdiction for . . . felony or crime involving moral turtude, under the laws of this State, *or any other State or of the United States. . ."* (Emphasis supplied.)

It is unnecessary in the present case to construe the above statute, so as to decide whether or not the legislature intended thereby to change the public policy of this State as hereinabove set forth, so as to make a disqualification to hold office convictions for acts which were felonies or crimes involving moral turpitude under the laws of the *other* jurisdictions, but which were merely misdemeanors under the laws of *this* State. Ga. L. 1964, Ex. Sess., pp. 26, 32 (*Code Ann.* § 34-104) provides as follows: "The provisions of this Code, so far as they are the same as those of existing laws, are intended as a continuation of such laws, and not as new enactments. The repeal by this Code of any Act of the General Assembly, or part thereof, shall not revive any Act, or part thereof, heretofore repealed or superseded. *The provisions of this Code shall not affect any act done, liability or penalty incurred, right accrued or vested, or nomination made prior to the taking effect of this Code, nor shall they affect any suit or prosecution then pending or to be instituted to enforce any right or penalty then accrued or to punish any offense theretofore committed."* (Emphasis supplied.) Since

the appellant had the right to run for office and was in fact nominated for office under the law as it existed prior to the 1964 enactment of the Election Code, this right was not affected by such enactment, by the express terms of § 34-104, supra. The very drastic rulings with respect to ex post facto disqualifications seem to provide the reason for the General Assembly's prospective application of the provisions of the new Election Code relating to disqualification. See *Wilder v. Lumpkin*, 4 Ga. 208; *Boston & Gunby v. Cummins*, 16 Ga. 102 (60 AD 717); *Bullard v. Holman*, 184 Ga. 788 (2) (193 SE 586, 113 ALR 763; *Hughes v. State Bd. of Examiners*, 162 Ga. 246, 257 (134 SE 42); *Copeland v. Wohlwender*, 197 Ga. 782 (30 SE2d 462).

Therefore, the trial court erred in its judgment holding that appellant is disqualified by the terms of Ga. L. 1964, Ex. Sess., pp. 26, 33 (*Code Ann.* § 34-107) to hold the office of County Commissioner of Crawford County, Ga., in declaring the office vacant and enjoining appellant from performing the duties of the office.

*Judgment reversed. All the Justices concur.*