### 54519. ARMISTEAD v. CHEROKEE COUNTY SCHOOL DISTRICT.

BANKE, Judge.

The appellant was employed as a teacher by the appellee school district for the 1974-75 school year. Her contract was not renewed for the following year. She sued, contending that her employer had failed to give her proper notice of termination as required under Code Ann. § 32-2102c (Ga. L. 1975, pp. 360, 364). A jury found against her; judgment was entered thereon; and she filed this appeal, enumerating as error the trial court's failure to grant her motion for directed verdict.

1. Chapter 32-21C of the Georgia Code Ann. (Ga. L. 1975, p. 360 et seq.), the "Fair Dismissal Law," sets forth the procedures to be used in terminating the employment of teachers and other public school personnel under contract. Code Ann. § 32-2101c applies to terminations, suspensions, or demotions for cause. Code Ann. § 32-2102c applies to the nonrenewal of contracts of teachers who, like the appellant, have served two years or less. It states as follows:

"When a local school superintendent or local board of education proposes not to renew the contract of any teacher or other professional employee certificated by the State Board of Education who was on the payroll and under contract on the beginning day of the current school year, written notification of such intention shall be given to the teacher or other certificated professional employee by not later than April 15 prior to the ensuing school year. When such notice is not given, the employment of such teacher or employee shall be continued for the ensuing school year, unless such teacher or employee has been removed in the manner previously provided herein, or unless the teacher or certificated professional employee elects not to accept such employment by notifying the

board or superintendent in writing not later than May 1 thereafter."

The appellee does not deny that it failed to give the required notice and, in fact, states that it fully intended to rehire the appellant as of April 15, 1975. However, it contends that the appellant's failure to follow certain instructions regarding her reassignment within the school system was tantamount to a voluntary resignation.

We cannot agree that this was the case. There was no evidence that the appellant was ever asked to resign or that she ever offered to. Since there was no resignation, and since she did not give written notification by May 1 that she would not accept reemployment, the appellee had no legal alternative under the statute but to consider her re-employed. It retained, of course, the right to remove her for cause under the procedures set forth in Code Ann. § 32-2101c, supra. However, it has not attempted to exercise this right. It was error to deny the motion for directed verdict.

2. The appellee's contention that the motion for directed verdict was not properly before the trial court is without merit. The appellant's counsel had made an untimely motion for directed verdict at the close of her case, which motion was properly denied. See *Kay Enterprises, Inc. v. Shawmac, Inc.,* 124 Ga. App. 225 (183 SE2d 503) (1971); *Carpenter v. C & S Bank,* 143 Ga. App. 765 (1977). At the close of all the evidence, she merely renewed the motion rather than repeating it in its entirety. This did not render the motion defective.

3. The appellee contends that Code § 32-2102c, which became law on March 31, 1975, cannot be applied constitutionally to the renewal of the 1974-75 contract because such application would give the statute retroactive effect. We do not agree.

The constitutional prohibition against retroactive laws applies only to those laws which affect or impair vested rights. *Bullard v. Holman,* 184 Ga. 788 (2) (193 SE 586) (1937); *Smith v. Abercrombie,* 235 Ga. 741, 749 (221 SE2d 802) (1975). The 1975 statute affected no vested rights or obligations existing under the contract. It merely provided a procedure to be used in the event the superintendent chose not to renew the contract.

*Judgment reversed with direction that judgment be entered in accordance with the motion for directed verdict. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED NOVEMBER 17, 1977 — REHEARING DENIED DECEMBER 1, 1977—

*Ware & Otonicar, Jerome C. Ware,* for appellant. *Thomas A. Roach,* for appellee.