## 41091. MULLINS v. FIRST GENERAL INSURANCE COMPANY et al.
### (322 SE2d 265)

BELL, Justice.

This case involves a claim for optional personal injury protection (PIP) benefits under a policy issued to Mullins by the First General Insurance Company (First General). The policy, which provided $5,000 in optional PIP benefits, became effective on October 19, 1982. Mullins was involved in an accident on January 6, 1983, after which he filed a claim for $50,000 in optional PIP coverage. His claim for additional PIP benefits was rejected, and he filed suit to collect the optional benefits, claiming that he was not given the requisite opportunity under OCGA § 33-34-5 as it existed before its amendment in 1982, Ga. L. 1982, p. 1234, to accept or reject those benefits. The trial court granted the defendants' motion for summary judgment, and Mullins appealed to the Court of Appeals, which has certified the following question to this court: "Is the holder of a motor vehicle liability insurance policy in existence prior to November 1, 1982, whose application for insurance did not meet the requirements of OCGA § 33-34-5 (b) in effect prior to November 1, 1982, thereafter barred by the amended OCGA § 33-34-5 (c), which became effective on November 1, 1982, from the 'right to demand and receive the benefit of $50,000 coverage upon tender by the insured of such additional premium as may be due and filing of proof of loss . . . ?' "

OCGA § 33-34-5 (c), as amended on November 1, 1982, provides that "[a]ll named insureds in motor vehicle liability policies in effect

on November 1, 1982, shall be deemed to have signed the statement required by subsection (b) of this Code section."

The initial issue here concerns the effect of the amendment of OCGA § 33-34-5 (c). In construing a statute a primary rule is that the courts must try to ascertain the purpose and intent of the legislature and then try to construe the law to implement that intent. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981); *Wilson v. Board of Regents*, 246 Ga. 649, 650 (272 SE2d 496) (1980). It is also fundamental that when a statute " 'is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.' " *Hollowell v. Jove*, supra, 247 Ga. at 681. Moreover, "[i]t is presumed that all statutes are enacted by the General Assembly with full knowledge of the existing law, including decisions of the courts." *Medical Center Hosp. Auth. v. Andrews*, 250 Ga. 424, 426 (297 SE2d 28) (1982). Accord *Price v. City of Snellville*, 253 Ga. 166, 167-168 (317 SE2d 834) (1984).

At the time of the amendment of OCGA § 33-34-5, an insurance company's failure to comply with the requirements of former OCGA § 33-34-5 (b) meant that the insured was entitled "to demand and receive the benefit of $50,000 coverage. . . ." *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (1) (300 SE2d 673) (1983). In light of the clear language of the November 1, 1982 amendment, we must conclude that the General Assembly took cognizance of its prior enactment and the case law construing it, and that its purpose was to alter the law in order to bar claims for optional PIP benefits by insureds who held policies existing as of November 1, 1982 which were not in compliance with former OCGA § 33-34-5 (b). See *Price v. City of Snellville*, supra, 253 Ga. at 168.

In order to fully answer the Court of Appeals' question, our finding as to the General Assembly's intent in enacting amended OCGA § 33-34-5 (c) necessitates the determination of an important related issue: is an insured, whose policy was not in compliance with former OCGA § 33-34-5 (b), now barred from bringing a claim for optional PIP benefits, if the claim stems from an accident occurring before November 1, 1982? Because such an insured's claim for optional PIP benefits would have accrued on the date of the accident, OCGA § 33-34-5 (c), as amended, cannot be applied retroactively to defeat that claim. See *Enger v. Erwin*, 245 Ga. 753 (267 SE2d 25) (1980). Thus, as for accidents occurring before November 1, 1982, the Court of Appeals' question is answered in the negative.

In the present case, however, Mullins' accident occurred after the November 1, 1982 amendment of OCGA § 33-34-5 (c), and we find no reason which prohibits that amendment from barring him from "demand[ing] and receiv[ing] the benefit of $50,000 coverage. . . ."

*Flewellen v. Atlanta Cas. Co.*, supra, 250 Ga. at 712. We find no merit to appellant's argument that based on our decision in *Flewellen* he acquired a vested contractual right to $50,000 in PIP coverage, and that amended OCGA § 33-34-5 (c) therefore cannot bar his action. This argument is based on the theory that in *Flewellen* this court grafted $50,000 in PIP coverage into all non-complying insurance policies when it stated that "[i]n the absence of such a rejection, the policy . . . provides $50,000 PIP coverage from its inception." *Flewellen v. Atlanta Cas. Co.*, supra, 250 Ga. at 712. We reject this argument because *Flewellen* merely created a remedy for a violation of OCGA § 33-34-5, not an implied substantive contractual right.

The appellant also argues that at the time he entered into the insurance policy with First General he had a vested right under former OCGA § 33-34-5 (b) to have his acceptance or rejection of optional coverage accompanied by his signature. He contends, therefore, that amended OCGA § 33-34-5 (c) cannot impair that right. We disagree. That signature requirement was a procedure to be followed to indicate the acceptance or rejection of optional coverages, and was thus not a vested right. See *Armistead v. Cherokee County School District*, 144 Ga. App. 178 (3) (241 SE2d 19) (1977); *Bullard v. Holman*, 184 Ga. 788 (2) (193 SE 586) (1937). Thus, as for accidents occurring after November 1, 1982, the Court of Appeals' question is answered in the affirmative.

*Certified question answered. All the Justices concur, except Hill, C. J., who concurs specially and Clarke, Smith, and Gregory, JJ., who dissent.*

DECIDED NOVEMBER 6, 1984.

*Hardigg & Hardigg, James A. Hardigg,* for appellant.
*Dennis, Corry, Webb, Carlock & Williams, Thomas S. Carlock, R. Clay Porter, Conrad & Abernathy, Philip C. Smith,* for appellees.
*Allman & Lanner, Douglas F. Aholt,* amicus curiae.

HILL, Chief Justice, concurring specially.

I concur in the majority's application of the plain meaning of OCGA § 33-34-5 (c), as amended, Ga. L. 1982, pp. 1234, 1236, effective November 1, 1982. However, because I find them unnecessary in interpreting the plain meaning of the amendment, I do not endorse the majority's statements that the insured did not acquire vested contractual rights on October 19, 1982, when the insurance policy became effective, and that the amendment does not impair such rights.

On the other hand, neither do I endorse the premise underlying the dissent, which I read to be that the 1982 amendment impairs the obligation of contracts and hence is unconstitutional. See Const., Art.

I, Sec. I, Par. X. That issue is not properly raised in this case which comes to this court from the Court of Appeals.

For the reasons stated, I concur in the majority's answer to the certified question.

CLARKE, Justice, dissenting.

The policy purchased by Mullins on October 19, 1982 was effective until April 19, 1983. The accident occurred in January of 1983. When issued, the policy did not comply with the law then in existence, OCGA § 33-34-5, prior to the amendment at issue here. We held in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983) that where the statute was not complied with we would read a defective policy to "provide $50,000 PIP coverage from its inception." This result was required because when an insurance policy is not in compliance with statutory requirements, the statute controls and "statutory provisions are in fact a part of each policy." *Flewellen*, supra at 713.

I would hold that the policy issued on October 19, 1982 must be read to provide a minimum of $50,000 coverage for the effective dates of the policy, that is until April 19, 1983, because the statute in effect on October 19, 1982 became an integral part of the policy. I agree with the majority that the amendment of November 1, 1982 was intended to alter the law to bar claims for optional PIP. However, it is my view that it cannot be applied to change the provisions of a policy already in existence during the term of that policy. In this case the controlling date would not be whether the accident occurred prior or subsequent to November 1, 1982, but the court should look to the date of the issuance of the policy, October 19, 1982, the law in effect at the date of issuance, and whether the accident occurred during the effective term of that policy. Since the accident occurred prior to April 19, 1983 I would hold that Mullins is entitled to $50,000 coverage as mandated by OCGA § 33-34-5 (a) and (b) prior to Ga. Laws 1982, p. 1234.

I am authorized to state that Justice Smith and Justice Gregory join in this dissent.