## 68068. MULLINS v. FIRST GENERAL INSURANCE COMPANY et al.
### (326 SE2d 241)

PER CURIAM.

We certified the following question to our Supreme Court: "Is the holder of a motor vehicle liability insurance policy in existence prior to November 1, 1982, whose application for insurance did not meet the requirements of OCGA § 33-34-5 (b) in effect prior to November 1, 1982, thereafter barred by the amended OCGA § 33-34-5 (c), which became effective on November 1, 1982, from the 'right to demand and receive the benefit of $50,000 coverage upon tender by the insured of such additional premium as may be due and filing of proof of loss . . .?' "

The Supreme Court said "no" as to collisions occurring before November 1, 1982, and "yes" as to collisions occurring after that date. In so answering, the Supreme Court pointed out: (1) that the purpose of the General Assembly in enacting the 1982 amendment to OCGA § 33-34-5 was to "alter the law in order to bar claims for optional PIP benefits by insureds who held policies existing as of November 1, 1982, which were not in compliance with former OCGA § 33-34-5 (b)"; (2) that, since there was no vested right to optional PIP under former OCGA § 33-34-5, as to one who obtained coverage prior to November 1, 1982, but was involved in an automobile "accident" after that date, the 1982 amendment to OCGA § 33-34-5 was applicable. *Mullins v. First Gen. Ins. Co.*, 253 Ga. 486 (322 SE2d 265) (1984).

In this case, Mullins' policy became effective on October 19, 1982, and provided for $5,000 in optional PIP benefits. Mullins was injured in an automobile collision on January 6, 1983, and thereafter sought to accept additional PIP coverage up to $50,000. The insurer declined and Mullins brought an action on the policy, seeking general damages, penalties and attorney fees. Defendant insurer's motion for summary judgment was granted and Mullins appealed. *Held*:

We affirm. Under the Supreme Court ruling as applied to the instant facts, Mullins was not entitled to obtain additional PIP coverage since his collision occurred after the effective date of the 1982 amendment to OCGA § 33-34-5.

*Judgment affirmed. Birdsong, P. J., Carley and Beasley, JJ., concur.*

DECIDED JANUARY 9, 1985.

*James A. Hardigg*, for appellant.
*Thomas S. Carlock, Philip C. Smith, R. Clay Porter, H. Steve Abernathy,* for appellees.

*Douglas F. Aholt*, amicus curiae.