Mary T. **FARMER** and Bobby L. **Farmer, Plaintiffs,**

v.

The **CONTINENTAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. 86-68-ALB-AMER.**

United States District Court, M.D. Georgia, Albany-Americus Division.

April 3, 1987.

---

E. Louis Adams, Albany, Ga., for plaintiffs.

W. Douglas Divine, Albany, Ga., for defendant.

FITZPATRICK, District Judge.

This case is before the court on cross-motions for summary judgment. The facts are not in dispute.

## Material and Undisputed Matters of Fact

Plaintiffs owned three vehicles on November 5, 1982, and the vehicles were insured under policies of insurance issued by the Allstate Insurance Company. The policies contained the minimum statutory Personal Injury Protection (PIP) benefit coverages, and they had a policy expiration date of November 8, 1982.

Prior to November 5, 1982, plaintiff was informed by Herbert Floyd, an independent insurance agent and realtor, that defendant offered a Personal Comprehensive Protection (PCP) insurance policy that would insure plaintiffs and their three automobiles. On or about November 5, 1982, Bobby Lee Farmer met with Floyd to purchase a PCP policy of insurance. At that meeting he supplied Floyd with the information necessary to issue a policy. Plaintiff requested coverage "as good as he had" with Allstate and stated that he wanted full coverage.

On November 5, 1982, defendant issued to plaintiffs PCP policy of insurance number 0317–44–47 pursuant to an application that did not contain a statement in bold faced type that the coverages listed in O.C. G.A. § 33–34–5(a) had been explained to the applicant. The policy had a policy period of November 5, 1982 through November 5, 1983. Policy number 0317–44–47 was renewed by plaintiffs on November 5, 1983 for a policy period of November 5, 1983 through November 5, 1984.

On February 3, 1983 policy number 0317–44–47 was amended to delete from coverage a Buick Skylark and to substitute a 1983 Chevrolet Monte Carlo. The Monte Carlo was involved in an accident on March 23, 1984 in which Mary T. Farmer sustained injuries. Plaintiffs submitted an itemized claim for $19,367.16 in excess of the minimum PIP benefit and medical pay coverage limits contained in policy number 0317–44–47. Defendant paid the policy limits of nofault and medical payment benefits to plaintiff. Defendant denied the additional claim on the ground that the claim exceeded the statutory minimum limits of coverage of $5,000.00, which is the amount defendant claimed it owed in accordance with the terms of policy number 0317–44–47.

## Conclusions of Law

The statute governing applications for motor vehicle liability insurance in the State of Georgia in effect on November 5, 1982 was O.C.G.A. § 33–34–5. That statute reads in pertinent part:

(b) Each initial application for a new policy of motor vehicle liability insurance

sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant.

(c) All named insureds in motor vehicle liability policies in effect on November 1, 1982, shall be deemed to have signed the statement required by subsection (b) of this Code section.

(d) The provisions of subsection (b) of this Code section requiring explanation of the optional coverages shall not apply upon the renewal, replacement, reinstatement, transfer, or substitute of any policy or the addition or substitution of a motor vehicle covered by such policy. O.C.G.A. § 33–34–5–(b), (c), (d) (Supp.1986).

It is fundamental that when a statute " 'is plan and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction it, but must construe it according to its terms." *Mullins v. First General Ins. Co.*, 253 Ga. 486, 322 S.E.2d 265, 266 (1984). According to subsection (c), plaintiffs' policy of insurance with Allstate that was in effect in November of 1982 was deemed to be in compliance with § 33–34–5(b).

█ Plaintiffs purchased policy number 0317–44–47 on November 5, 1982 from defendant as a replacement or substitute policy for the policy plaintiffs held with Allstate. It was the policy holder's intent to allow the Allstate policy to lapse, and plaintiff purposely waited until he received a renewal notice from Allstate to procure the policy from defendant. Plaintiff's expressed intent was to insure his vehicles with the defendant's policy and to cease insuring his vehicles with the Allstate policy. The policy plaintiff bought on November 5, 1982 was a replacement or substitute policy whether coverage with Allstate expired simultaneously with inception of coverage with defendant, or whether there was a three day period during which the insured was covered by both policies. Plaintiff's intent was to allow the Allstate policy to lapse and to be insured in the future solely by the defendant's policy.

Therefore, the defendant's policy was a replacement or substitute policy.

█ Under Section 33–34–5(c), plaintiffs' policy of insurance with Allstate that was in effect in November of 1982 was deemed to be in compliance with section 33–34–5(b). The policy of insurance with policy number 0317–44–47 that plaintiffs purchased from defendant on November 5, 1982 was exempted from the requirements of section 33–34–5(b) that each policy contain a statement that the optional coverages have been explained because that policy was a replacement or substitute policy for the Allstate policy. The renewal of policy number 0317–44–47 by plaintiff on November 5, 1983 was also covered by section 33–34–5(d), which states that "the provisions of subsection (b) of this code section requiring explanation of the optional coverages shall not apply upon the renewal ... of any policy or the ... substitution of a motor vehicle covered by such policy." O.C.G.A. § 33–34–5(d) (Supp.1986).

Accordingly, it is the conclusion of this court that policy number 0317–44–47 that was in effect and covered the 1983 Monte Carlo which was in an accident on March 23, 1984 did comply with O.C.G.A. § 33–34–5. The amount of PIP coverage under policy number 0317–44–47 was the statutory minimum limit of coverage of $5,000. Therefore, defendant's Motion for Summary Judgment is GRANTED.