**In re DIAMOND MANUFACTURING CO., INC., Debtor.**

**William H. MOORE, Jr., Appellant,**

**v.**

**DIAMOND MANUFACTURING CO., INC., Appellee.**

**No. CV 490–226.
Bankruptcy No. 485–00555.**

United States District Court,
S.D. Georgia,
Savannah Division.

Dec. 14, 1990.

Jan Jankowski, Savannah, Ga., pro se.

Jack Berry, Savannah, Ga.

Julian H. Toporek, Savannah, Ga.

## ORDER

EDENFIELD, Chief Judge.

Appellant William H. Moore, Jr., claims an attorney's lien against proceeds of the settlement of litigation that the debtor instituted prior to filing for bankruptcy protection. The bankruptcy court denied Moore's claim, and Moore appealed. This Court holds that the language of the Georgia attorney's lien statute dictates a contrary result. Accordingly, the Court REVERSES the decision of the bankruptcy court.

## BACKGROUND

Prior to filing for Chapter 11 bankruptcy protection, the debtor, Diamond Manufacturing Co, Inc. ("Diamond") litigated a contract dispute with W.F. Magann Corporation ("Magann") in South Carolina federal court. In 1984, the district court entered judgment in favor of Diamond for $1.5 million plus interest. *See W.F. Magann Corp. v. Diamond Mfg. Co.*, 580 F.Supp. 1299, 1318 (D.S.C.1984). The Fourth Circuit affirmed in part and reversed in part, and remanded the case to the district court. 775 F.2d 1202, 1208 (4th Cir.1985). On remand, the district court recalculated the damages recoverable, and re-entered judgment in favor of Diamond for $1.7 million plus interest. 678 F.Supp. 1197, 1209 (D.S. C.1988).

In August 1985, during the course of the South Carolina litigation, Diamond filed for Chapter 11 bankruptcy protection. In August 1988, the bankruptcy court converted the case into a Chapter 7 proceeding. The Chapter 7 trustee in this case then filed a motion with the bankruptcy court to approve a compromise of 1.7 million in the South Carolina litigation and to determine the validity and extent of liens against the proceeds of the South Carolina judgment. In October 1989, the bankruptcy court approved the compromise, but deferred ruling on the lien issues. One of the parties claiming a lien on the proceeds was Moore.

Moore, along with the law firm of Lewis, Babcock, Pleicones, and Hawkins ("the Lewis firm") represented Diamond during the South Carolina litigation. After obtaining permission from the bankruptcy court to be appointed Diamond's counsel,[1] the Lewis firm, pursuant to Bankruptcy Rule 2016, filed an application for compensation for services rendered to Diamond in the South Carolina litigation. Moore, however, did not ask the bankruptcy court to appoint him as special purpose attorney for Diamond, nor did he file detailed documentation of services rendered, as required by Rule 2016.

Nevertheless, the bankruptcy court found that in 1981 Diamond's president and chief executive officer, Donald E. Austin, orally agreed to compensate Moore in "some reasonable amount" for any legal work Moore performed on the South Carolina litigation. Moore filed a "proof of claim" in the amount of $180,000, choosing to pursue his payment as a creditor, rather than by section 327(e) and rule 2016. As a result, the bankruptcy court had to determine whether Moore had a valid attorney's lien on the South Carolina litigation settlement proceeds, and if so, in what amount.

Under 11 U.S.C. § 545(2) (1988), the trustee may avoid a statutory lien on the debtor's estate to the extent that the lien was not perfected or enforceable prior to the filing of bankruptcy proceedings. The bankruptcy court determined that, according to O.C.G.A. § 15–19–14 (1990), only recorded attorney's liens are perfected. Because Moore did not record his lien prior to filing for bankruptcy, the bankruptcy court concluded that he held an unperfected lien. Consequently, the bankruptcy court held that the trustee could avoid Moore's lien under section 545(2).

On appeal, Moore contends that the bankruptcy court misread the Georgia statute. Moore argues that attorney's liens are automatically perfected under O.C.G.A. § 15–19–14(b). According to Moore, sec-

---

1. 11 U.S.C. § 327(e) (1988) permits attorneys to apply to the bankruptcy court for permission to serve a counsel for the debtor for a "specified special purpose," other than to represent the trustee in the bankruptcy proceeding. The Lewis firm's special purpose was as debtor's co-counsel in the South Carolina litigation.

tion 15–19–14(d) does not create a filing requirement for attorney's liens on money judgments, but only for attorney's liens on judgments for real or personal property. The Court agrees with Moore's reading.

## ANALYSIS

### Standard of Review

■ When a district court reviews a final order of the bankruptcy court, it sits as an appellate tribunal. *In re Cornelison*, 901 F.2d 1073, 1075 (11th Cir.1990) (per curiam). In this role, traditional standards of appellate review constrain the district court. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988); *In re Brown*, 851 F.2d 81, 84 (3d Cir.1988). This means that the district court must accept the bankruptcy court's findings of fact as long as they are not clearly erroneous, but subjects its conclusions of law to plenary, or *de novo*, review. *In re Thomas*, 883 F.2d 991, 994 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990); *In re Fielder*, 799 F.2d 656, 657 (11th Cir. 1986); *see* Bankruptcy Rule 8013.

The sole issue in this case is whether the bankruptcy court correctly construed the Georgia statute, an issue of law. This Court, therefore, reviews the bankruptcy court's construction of the statute *de novo*. *E.g., Insurance Co. of North Am. v. M/V Ocean Lynx*, 901 F.2d 934, 939 (11th Cir. 1990), *cert. filed*, No. 90–662 (Sept. 18, 1990); *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1227 (11th Cir.1990).

### The Georgia Attorney's Lien Statute

■ As an initial matter, the Court notes that the bankruptcy court correctly held that Georgia law applies to questions of the nature, extent, and validity of statutory liens. *See In re Pierce*, 809 F.2d 1356, 1359 (8th Cir.1987); *In re Brints Cotton Mktg., Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984). "Bankruptcy law provides a federal machinery for enforcing creditor's rights but the rights themselves are created by state law." *In re Chicago, M., St. P. & Pac. R.R.*, 791 F.2d 524, 532 (7th Cir.1986)

(Posner, J.). The bankruptcy court correctly assumed that Georgia whole law, which employs the traditional *lex loci contractus* rule, would apply Georgia substantive law to the attorney's fee agreement between Moore and Diamond. *See General Tel. Co. v. Trimm*, 252 Ga. 95, 96, 311 S.E.2d 460 (1984); *Coaling Coal & Coke Co. v. Howard*, 130 Ga. 807, 812, 61 S.E. 987 (1908). Thus, Georgia law applies to any lien growing out of that agreement.

Section 15–19–14 of the Georgia Code states, in pertinent part:

(b) Upon actions, judgments, and decrees *for money*, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied. Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

(c) Upon all actions *for the recovery of real or personal property* and upon all judgments or decrees for the same, attorneys at law shall have a lien for their fees on the *property recovered* superior to all liens except liens for taxes, which may be enforced by mortgage and foreclosure by the attorneys at law or their lawful representatives as liens on *personal property and real estate* are enforced. The *property recovered* shall remain subject to the liens unless transferred to bona fide purchasers without notice.

(d) If an attorney at law files his assertion claiming a lien *on property recovered* in an action instituted by him, within 30 days after a recovery of same, his lien shall bind all persons.

O.C.G.A. § 15–19–14 (1990) (emphasis added). The bankruptcy court held that subsection (d) of the statute applies to Moore's lien, and, since Moore did not "file" or "record" his lien within 30 days of the "recovery" of the judgment,[2] his lien was

---

**2.** Because it so held, the bankruptcy court did not reach the question of when Diamond "re-

covered" the judgment.

unperfected. Therefore, the trustee for the debtor could avoid the lien.

The bankruptcy court reasoned that subsection (d) does not differentiate "between liens for real property or other property recovered in a suit." This rationale relies upon that of another bankruptcy court[3] faced with a similar issue. *See In re Burnham*, 12 B.R. 286, 291 (Bankr.N.D. Ga.1981) (applying the now superseded version of § 15–19–14). Moore makes three arguments why the bankruptcy court's holding and rationale are erroneous. First, he contends that in removing reference to the filing mechanism contained in Georgia's mechanics' and materialmen's lien statute, the Georgia legislature intended to eliminate subsection (d)'s requirement that any attorney's liens be filed. Second, he points to court decisions applying the law of other states for the proposition that the lien relates back to the institution of the South Carolina litigation, and therefore, the nonavoidance provision of a subsequent section, 11 U.S.C. § 546(b), applies. Third, Moore argues that the plain language of section 15–19–14 requires reversal of the bankruptcy court's decision. Moore's first argument is nearly frivolous, his second, only marginally stronger. The Court chooses to rest its decision on Moore's third argument.

In any exercise of statutory construction, a court's foremost duty is to give effect to the intent of the legislature. *E.g., Solis–Ramirez v. United States*, 758 F.2d 1426, 1431 (11th Cir.1985); *Mullins v. First Gen. Ins. Co.*, 253 Ga. 486, 487, 322 S.E.2d 265 (1984). The first step in the performance of this duty is to look to the plain language of the statute. Where the language of a statute is plain and unequivocal, the search for legislative intent is at an end. *E.g., Hudgins v. City of Ashburn*, 890 F.2d 396, 405 (11th Cir.1989); *Mullins*, 253 Ga. at 487, 322 S.E.2d 265; *Board of Trustees of Policemen's Pension Fund v. Christy*, 246 Ga. 553, 554, 272 S.E.2d 288 (1980).

In this case, the language of section 15–19–14 is clear. Subsection (d), the recording provision, requires filing only for liens "on property recovered." The scope of the subsection therefore turns on the meaning of the phrase "on property recovered." The bankruptcy court concluded, and the trustee agrees, that the phrase "property recovered" includes "money." Viewing subsection (d) in isolation, this is certainly a plausible reading of the phrase. Moore argues, however, that, reading the statute as a whole, the legislature intended that "property recovered" refer only to real and personal property, not money. Moore is correct.

A fundamental canon of statutory construction is that, in construing the language of statute, specific words—even if apparently plain in meaning—must not be read in isolation. Instead, they must be read in the context of the statute as a whole. *E.g., Leach v. FDIC*, 860 F.2d 1266, 1270 (5th Cir.1988), *cert. denied*, 491 U.S. 905, 109 S.Ct. 3186, 105 L.Ed.2d 695 (1989); *United States v. Alexander*, 602 F.2d 1228 (5th Cir.1979); *Hargrove v. State*, 253 Ga. 450, 452, 321 S.E.2d 104 (1984). Where the same words are used in different parts of the same statute, courts are to presume that they have the same meaning. *E.g., Doctors Hosp., Inc. v. Bowen*, 811 F.2d 1448, 1452 (11th Cir.1987). In this case, the legislature, in subsection (c), dealt with liens arising in actions for "recovery of real or personal property," and talked about the nature of the attorney's lien attaching to the "property recovered" arising from such actions. In contrast, subsection (b) deals with liens arising in actions "for money," and discusses the slightly different nature of those liens. Subsection (d), which is at issue here, like subsection (c), speaks only of "property recovered." It makes no mention of money. Reading the language of subsection (d) in context—as it must—the Court concludes that it applies only to attorney's liens arising under subsection (c) of the statute: those arising in "actions for the recovery of real or personal property."

---

**3.** The parties have not cited, nor has the Court found, any Georgia appellate case on this precise issue.

It does not apply to liens arising under subsection (b), which concerns only "actions, judgments, and decrees for money." If the legislature had intended subsection (d) to apply to subsection (b) in addition to subsection (c), it could have easily omitted the phrase "on property recovered." *See In re Davis*, 911 F.2d 560, 562 (11th Cir. 1990).

In addition, subsection (d) qualifies the lien defined in subsection (c), but not that in subsection (b). Subsection (c)'s last sentence states that "[t]he property recovered shall remain subject to the liens unless transferred to bona fide purchasers without notice." Subsection (d), however, qualifies this provision by saying that, if the attorney files his lien on property recovered, the "lien shall bind *all* persons." Subsection (b) contains no analogous provision to which subsection (d)'s qualifier logically could be said to attach.

The bankruptcy court and the trustee have pointed to no legislative history to the contrary. The trustee argues that the case of *Johnson v. Giraud*, 191 Ga. 577, 13 S.E.2d 365 (1941), which discusses the nature and purpose of the recording requirement, mandates affirmance of the bankruptcy court. That case, however, is distinguishable. *Johnson* dealt with a lien that arose in an action for recovery of real property, not money. 191 Ga. at 578–79, 13 S.E.2d 365. Its discussion of the recording requirement, therefore, concerned only liens arising from actions described in what is now subsection (c) of the current Georgia Code.

■ Some Georgia cases admonish that, because this section is in derogation of the common law, it is to be narrowly construed.

*See Middleton v. Westmoreland*, 164 Ga. 324, 328, 138 S.E. 852 (1927). That principle, however, is inapplicable in the present case. Only where the language of the statute in question is ambiguous do courts use such rules of construction. *E.g., Housing Auth. v. Greene*, 259 Ga. 435, 438, 383 S.E.2d 867 (1989); *Mullins*, 253 Ga. at 487, 322 S.E.2d 265. To the extent that *In re Burnham*, 12 B.R. 286 (Bankr.N.D.Ga. 1981) conflicts with this Court's statutory construction, the Court declines to follow that case.

### CONCLUSION

No more is necessary to decide this appeal. Applying settled rules of statutory construction, the Court holds that subsection (d) of O.C.G.A. § 15–19–14 (1990) applies only to liens arising under subsection (c) of that statute. It does not concern liens arising in actions for money. Because the lien claimed by Moore allegedly arose in an action for money (a contract action), the filing requirement did not apply. Moore's attorney's lien was automatically perfected under section 15–19–14(b), and therefore the bankruptcy trustee could not avoid the lien under 11 U.S.C. § 546(b). Accordingly, the decision of the bankruptcy court on this issue is REVERSED, and the case is remanded for proceedings consistent with this opinion.

SO ORDERED.