WILLIS STRICKLAND *et al.*, administrators, plaintiffs in error,
*vs.* JOSEPH B. WYNN, defendant in error.

1. A party to a cause of action on trial is a competent witness to identify a book of accounts sought to be introduced in evidence by him as his book of original entries, even though the opposite party be dead.
2. Where there is evidence to sustain the verdict, a new trial will not be ordered.
3. In order to render newly discovered evidence a ground for new trial, it must appear that it is not cumulative, and that none of the moving parties, nor their counsel, were aware of it at the trial.

Witness. Evidence. Books of account. New trial. Newly discovered evidence. Before Judge BUCHANAN. Heard Superior Court. September Term, 1873.

For the facts of this case, see the decision.

SPEER & SPEER, for plaintiffs in error.

MABRY, TOOLE & SON, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that Strickland filed a bill against Wynn to enjoin him from interfering with the possession of a lot of land in Heard county. Wynn answered the bill, and in his answer, in the nature of a cross-bill, alleged that he had purchased the land from Strickland for $550 00, paid part of the purchase money, and offered to pay the balance that might be due, and prayed that Strickland might be decreed to make him a deed to the land. Before the trial of the case Strickland died, and his administrators were made parties. On the trial, there was a good deal of evidence introduced by the respective parties as to whether there had been a sale of the land or not, and as to the amount paid for it by the defendant, Wynn, and in what the payments had been made, the defendant contending that he had made payments in lumber, wheat and money, etc., which he sought to prove in part by the introduction of his book of account

in evidence. As is usual in such cases, the evidence was con-flicting. The jury returned the following verdict: "We, the jury, find the land for the defendant, J. B. Wynn, and that he pay the plaintiff, Strickland, the balance of the purchase money, amounting to $432 86, with interest from the 25th of December, 1868, money to be paid within twenty days from date; and, in case the money is not paid within the time speci-fied, then the land be sold to the highest bidder, and enough of the proceeds to be applied to the payment of the said amount, and the remainder, if any, to go to the defendant, Wynn." The verdict was dated 20th September, 1873. A motion was made for a new trial, on the several grounds set forth therein, which was overruled by the court, and the com-plainants excepted. The principal grounds urged here for a new trial were that the verdict was contrary to law and the evidence, and because the court erred in allowing the defend-ant to be sworn and to testify that the book tendered in evi-dence was his original book of entry, the complainants object-ing because the opposite party was dead, and for newly dis-covered evidence.

1. The allowing the defendant to state, under oath, that the book which he proposed to offer in evidence was his original book of entry, was not such testimony or evidence in relation to the cause of action in issue or on trial as is contemplated by the act of 1866, embodied in the 3854th section of the Code. It was not the intention of that act to restrict the admission of evidence, but to enlarge the rule for its admission. It would have been competent for the defendant to have iden-tified his original book of entry by his own oath before the passage of the act of 1866, as much so as to prove the service of a notice by his own oath. There was no error in allowing the defendant to indentify his original book of entry by his own oath at the trial, notwithstanding the complainant was dead.

2. If the jury believed the evidence offered by the defend-ant (and that was a question exclusively for their considera-tion) then the verdict is not contrary to law or the evidence.

3. The newly discovered evidence is only cumulative as to whether there was a contract for the sale of the land by the complainant to the defendant. Besides, only one of the administrators makes oath to the newly discovered evidence, and does not state that *he* has discovered it since the trial, but states that the evidence has been discovered since the trial of the case, but by whom it is not stated, nor does it appear that the evidence was not known to the complainants' counsel at the trial. Parties are never satisfied with the verdict of the jury when it is against them, and this court has no power to compel them to be satisfied; but as it is for the public welfare of the state that there should be an end to litigation when their cases have been passed on by a jury of the country according to law, this court has the power to compel them, not to be *satisfied*, but to *acquiesce* in the verdict and the judgment of the court thereon, which we now do in this case.

Let the judgment of the court below be affirmed.