EAST TENN., VA. & GA. RAILWAY CO. *v.* DANIEL.

1. Where a witness, by way of accounting for his presence at the scene of the killing of an animal, states that immediately before going there, he made a particular purchase at a certain store, evidence is admissible in behalf of the opposite party showing or tending to show that he made no such purchase on the occasion referred to. While this fact is not directly material on the circumstances of the killing, it is indirectly material, because it contradicts the witness as to the train of events which led him to be present and .thus tends to discredit him as to the fact of his presence.

2. A charge of the court which might be understood by the jury as requiring of a railroad company all possible care to avoid killing live stock by the running of its trains, although the charge be in other parts of it correct on the measure of diligence required of such companies, is cause for a new trial in a very doubtful case.
July 10, 1893.

Before Judge BOYNTON. Henry superior court. October term, 1892

DORSEY, BREWSTER & HOWELL and BRYAN & DICKEN, for plaintiff in error.

E. J. REAGAN, *contra.*

SIMMONS, Justice.

1. Daniel sued the railway company for damages on account of the killing of his mule. The defendant denied that the mule was killed by its train. The evidence tending to prove that it was killed by the defendant's

train was altogether circumstantial and presumptive, except that of one Lofton, who testified that he saw the mule when it was struck by the train and knocked from the track.   Upon his cross-examination he was interrogated as to where he lived, what his business was and why he happened to be present at the time of the killing of the mule.   In answer to these questions he stated, among other things, as corroborative of what he had testified as to his presence at the time of the injury, that he left home and went to town for the purpose of purchasing some tobacco, that he went to Mr. Copeland's store and purchased it on credit, and on his way home he saw the accident.   The defendant proposed to prove by Copeland that Lofton did not go to his store and purchase tobacco at the time referred to.   This testimony was excluded by the court, and its exclusion was made one of the grounds of the defendant's motion for a new trial.   While the fact which the witness proposed to prove by Copeland was not directly material on the circumstances of the killing, it was indirectly material, because it contradicted the witness as to the train of events which led him to be present, and thus tended to discredit him as to the fact of his presence.   If testimony had been offered by the defendant to the effect that this witness was not present at the killing, that he was not in town or had not left home that day, it is clear that no valid objection could have been made to it.   And when the witness undertook to corroborate his story and show his presence at the killing by stating all his movements during the morning of the killing, and that his going to Mr. Copeland's store to buy tobacco had led him to be present, we think it was proper for the defendant to disprove the statement of the witness on this point.   Although it was a collateral issue, it was a matter affecting his credit and perjury could be assigned on it.   Bishop says: " The credit of a witness is always an

v 91-49

element adapted to vary the result of the trial of a fact; therefore it is a collateral issue therein.    And it is perjury to swear corruptly and falsely to anything affecting such credit; as, that he has not made a specified statement material in the case, that he has not expressed hostility to the defendant, that he has never been in prison." 2 Bishop, Crim. Law, §1032 (8 ed.) And again: " Where the evidence is simply to explain how the witness knew the thing he states,—as where, testifying to an *alibi*, he mentions the party's residence and habits to show he could not be mistaken on the main point,— since this incidental matter may incline the jury more to credit the substantial, it will sustain a conviction for perjury if wilfully false." *Id.* §1037.

2. The diligence which our code, §3033, requires of railroad companies in the running of trains, is ordinary diligence.    It was therefore error for the court to charge the jury, where it was alleged that the defendant company had killed a mule, that the evidence must show that the officers and agents of the defendant in charge of the train exercised all possible care in their effort to avoid it.    This charge required of the company a greater degree of diligence than the law requires, and in a very doubtful case on the facts, was sufficient to authorize a new trial.                    *Judgment reversed.*