50525. GLO-ANN PLASTIC INDUSTRIES, INC. v. PEAK TEXTILES, INC.

CLARK, Judge.

In this appeal by a defendant corporation from an adverse verdict and judgment, there are sixteen enumerations of error. Thirteen of these assert that certain evidence and exhibits were erroneously admitted into evidence. The remaining three enumerations contend the trial court erred in denying defendant's

motions for directed verdict. The evidentiary enumerations can be divided into four groups which deal respectively with questions of relevancy, the Dead Man's Statute, lack of foundation, and admissibility for the limited purpose of impeachment. We will deal with each group separately.

1. *Relevancy:* "No precise and universal test of the relevancy of testimony is furnished by the law, but each must be determined in accordance with the facts of that particular case." *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225). "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643).

Justice Thomas S. Candler,[1] in *Frady v. State,* 212 Ga. 84, 86 (90 SE2d 664), wrote: "To discover the truth is the object and purpose of all legal investigations, and this result can be attained by a jury only after hearing all relevant and material evidence respecting the controversy under investigation. No party to litigation is ever unfairly treated by a full disclosure of all relevant facts concerning the issue, and the rules of evidence have been framed to the prominent end that justice shall always prevail among litigants."

In reviewing the trial transcript we have in each instance tested the reason stated by the trial judge as to relevancy in overruling the defendant's objections. On each of the eight occasions referred to in Enumerations 1, 2, 3, 4, 5, 6, 8, and 9, we have determined the trial judge was correct.

2. *Dead Man's Act:* Whenever trial lawyers are faced with the introduction of evidence in which a

---

[1]Justice Candler (1890-1971) served 22 years on our Supreme Court during which he prepared 1,218 opinions. His devotion both to his home and to his judicial post was such that he regularly drove the 250-mile round trip between Blairsville and Atlanta. The memorial to this beloved "country lawyer" appears in 228 Ga. XXV.

deceased person is involved they must conform with the necessity of satisfying the requirements of Code Ann. § 38-1603. The existence of problems in this area of the "Dead Man's Act" is shown by the fact that the annotations in our Annotated Code under this section cover 48 pages. These difficulties are not limited to plaintiffs. Thus, we note that no evidence was introduced in behalf of the defendant corporation, which probably stemmed from the fact of the death of its president.

(a) Enumeration number 7 attacks the ruling below which admitted sixteen invoices in which plaintiff had billed defendant corporation monthly for warehouse management fees and rentals. Each of these stated dates and amount. Each contained this language: "per agreement between J. David Peek and Phil Stillpass." The objection was based upon the subsequent death of Stillpass so that such documents would be inadmissible under the "Dead Man's Act." Appellant argues that in allowing these invoices into evidence, the trial judge enabled plaintiff "to do by indirection what could not be done by direction." This argument fails since "indirection" has been approved in cases involving the "Dead Man's Act." Thus, original books of account have been held admissible even though the other party is dead (*Strickland v. Wynn,* 51 Ga. 600) and evidence presented under the Georgia Business Records Act is admissible against a deceased debtor (*F. & W. Farm Service v. C. & S. Nat. Bank,* 116 Ga. App. 757, 758 (1) (159 SE2d 190)). Further in *Prothro v. Walker,* 202 Ga. 71, 72 (2) (42 SE2d 114), it was pointed out that Code Ann. § 38-1603 "deals with the *competency* of a witness to testify against a deceased, and not with the question as to whether or not such evidence was admissible as declarations or entries of a deceased person." The trial court did not err.

(b) Enumeration 10 involved plaintiff's exhibits numbered 34 and 36. These were two letters written by plaintiff to defendant's corporate secretary stating plaintiff's contentions. In admitting these letters over defendant's objections, the trial judge stated he was doing so for the limited purpose of showing that the letters had been written and then expressly instructed the jury that they were not to consider anything therein relating to any

agreement with the deceased or any conversations or any transactions with the named decedent. Counsel recognizes that under such circumstances the applicable procedure is for the court to afford counsel an opportunity to point out and conceal or paste over any objectionable part. Appellant interprets *Kansas City Life Ins. Co. v. Williams,* 62 Ga. App. 707 (1) (9 SE2d 680), as placing the burden for such suggestion upon the court. We do not place a similar construction upon that case. After the court has made its ruling it is then incumbent upon counsel to request concealment if material therein is considered objectionable. Trial lawyers prefer to try cases their way and according to their trial plan, generally resenting a judge who makes suggestions as to trial tactics. We hold that if an advocate fails to make the necessary motion for concealment of any material in a document that is otherwise admissible, then such failure amounts to a waiver.

Additionally, as herein previously noted, the "Dead Man's Act" deals with competency of witnesses and not admissibility. *Prothro v. Walker,* 202 Ga. 71, supra.

(c) These views as expressed concerning the two letters also apply to enumeration of error 11 objecting to plaintiff's exhibit 30. That also was a letter but was from the defendant corporation's president and included reference to a telephone conversation which the trial judge instructed should be disregarded.

3. *Lack of Foundation:* The twelfth enumeration contends that plaintiff's exhibits 1, 3, 5 and 7 were admitted erroneously because of lack of foundation. Our examination of the trial transcript and the documents shows that there was sufficient competent testimony to serve as the necessary foundation.

4. *Impeachment:* The thirteenth enumeration dealt with plaintiff's exhibits 38 and 39. These were checks which had been signed by the defendant corporation's secretary for substantial sums. In admitting these two checks the trial judge specifically instructed the jury that they were admitted for the limited purpose of impeachment. Although these checks did not deal with facts directly material to the issue they were admissible by reason of the answers given during cross examination

by the witness. A witness may be impeached on a collateral issue which is indirectly material to the issue in the case. *East Tenn.,Va. & Ga. R. Co. v. Daniel,* 91 Ga. 768 (1) (18 SE 22).

5. The three remaining assignments of error deal with the refusal by the trial judge to sustain defendant's motions for directed verdict. A motion for directed verdict can be granted only "if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . ." Code Ann. § 81A-150(a). The evidence here was in conflict as to the existence of an oral lease agreement for warehouse no. 3 and whether a pattern of conduct created liability for four months advance management fee on warehouse no. 2. It was therefore proper for the court to submit these issues to the jury.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED APRIL 8, 1975 — DECIDED MAY 30, 1975.

*Smith & Jones, William E. Smith,* for appellant.
*Myers & Parks, J. Frank Myers, Michael A. Fennessy,* for appellee.

