36814. WILSON et al. v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.

CLARKE, Justice.

This action seeks an adjudication that certain expenditures sought to be undertaken by the Board of Regents through named state officers was illegal, and seeks to enjoin the payment of funds and to declare an act of the legislature as having no force or effect.

The issue raised is the effect of a line item in the General Appropriations Act, Ga. L. 1980, pp. 1799, et seq. The item in question is listed under appropriations for the State Board of Regents, and reads as follows:

"Residency Capitation Grants
(as authorized by S.B. 487) . . . . . . . . $1,275,000."

Ga. L. 1980, pp. 1799, 1960. The question presented is the effect or non-effect of the parenthetical phrase, since Senate Bill 487 was not in fact enacted into law. Senate Bill 487 would have amended Code Ann. Ch. 88-18 on Hospital Authorities. The purpose was to fund, originally through the Department of Human Resources, grants of $10,000 per year to Hospital Authorities "for each resident receiving medical education through a teaching hospital operated by a hospital authority." It was later amended to provide funding through the Board of Regents. Senate Bill 541, which contains virtually the same language as Senate Bill 487, was passed and became law. Ga. L. 1980, pp. 1040-1043. Its purpose is also to amend Code Ann. Ch. 88-18 and to provide payments to hospital authorities operating teaching hospitals providing training for physicians, at the rate of $10,000 for each resident receiving training, the funding to come through the Board of Regents.

The appellants contend the Board of Regents has no authority to fund the medical training program established in Ga. L. 1980, p. 1040 (S.B. 541) (Code Ann. § 88-1825). They also argue that any expenditure of public funds on such program would violate Article. III, Section X, Paragraph I, of the Georgia Constitution. (Code Ann. § 2-1601). This paragraph provides: "No money shall be drawn from the Treasury except by appropriation made by law." They then argue that since the appropriation for Residency Capitation Grants references a bill which was not enacted into law, it cannot be used to fund the program set forth in Code Ann. § 88-1825, Ga. L. 1980, p. 1040, and moved to enjoin such expenditure.

The trial court denied the injunctive relief and dismissed the complaint, finding that Senate Bill 541 incorporated virtually word for word the provisions of Senate Bill 487, as amended in the House. Senate Bill 541 was passed by the House and Senate and became law. Senate Bill 487 never became law. The court found that the parenthetical reference to Senate Bill 487 was descriptive of the type of program for the grants set forth in the Appropriations Act and not a mandatory or integral part of the line item since a bill in itself does not authorize expenditures. He concluded that the General Assembly enacted Senate Bill 587 into law as Code Ann. § 88-1825, Ga. L. 1980, p. 1040, and funded this program with funds of $1,275,000 appropriated to the Board of Regents in Ga. L. 1980, pp. 1799, 1960.

The appellants contend that the court has overstepped its constitutional power in reaching this decision by encroaching upon the legislative powers entrusted to the General Assembly which are delegated expressly and only to that body.

It is axiomatic that in matters of legislation, the supreme authority is in the legislature, and "[t]heir mode of executing these powers, can never properly become the subject of inquiry and investigation, before, this or any other tribunal." *Beall v. Beall,* 8 Ga. 210, 228, 229 (1850). As to the Supreme Court, "Our responsibility, and the only authority this court has, is to interpret the law as it was written by the General Assembly. The wisdom of legislation rests in the General Assembly." *Oxford v. J. D. Jewell, Inc.,* 215 Ga. 616, 620, 621 (112 SE2d 601) (1960).

In fulfilling the responsibility of interpreting laws enacted by the legislature, we are bound by rules of construction. Paramount in these considerations is the maxim that "A legislative body should always be presumed to mean something by the passage of an act." *Central of Ga. R. Co. v. State of Ga.,* 104 Ga. 831, 839 (31 SE 531) (1898). It is also fundamental that the courts must look to the purpose and intent of the legislature and to construe the law to implement that intent. *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62

SE2d 209) (1950). Where an act references another statute by mistake, such error will not defeat the act if the intent of the legislation is clear. *Humthlett v. Reeves,* 211 Ga. 210 (85 SE2d 25) (1954). Here the General Appropriations Act references not another law enacted by the legislature, but contains a parenthetical reference to a numbered senate bill. The legislative history is clear that the principles of that bill were enacted into law under a bill by another number and became Code Ann. § 88-1825.

We are bound by the rules of statutory construction. We therefore hold that when the General Assembly enacted the line item in question it intended to fund the program authorized by Georgia Laws 1980, pp. 1040-1043, Code Ann. § 88-1825, known as Senate Bill 541.

*Judgment affirmed. All the Justices concur, except Undercofler, C. J. and Bowles, J., who dissent.*

DECIDED NOVEMBER 5, 1980.

*Flournoy & Evans, Robert E. Flournoy, Jr., Dupree & Staples, Hylton B. Dupree, Jr., Harry W. Krumenauer, Awtrey & Parker, George W. Darden, Toby B. Prodgers,* for appellants.

*Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General,* for appellees.

*Jones, Bird & Howell, Eugene T. Branch,* amicus curiae.