*981 OPINION OF THE COURT
William K. Nelson, J.
Pursuant to the request of defendant Caponigro, the issues raised by defendant Fata relative to the eavesdropping warrants will be decided as to both defendants. The defendants have raised the following challenges to the eavesdropping order and warrant signed by the Honorable Robert R. Meehan on October 27, 1987: (1) that the application for the warrant did not set forth probable cause for issuance of that warrant due to the alleged impropriety of the cordless telephone interceptions by Officer Raymond Gerety, the alleged illegality of the search of defendant Fata’s garbage can, and the insufficiency of the remainder of the information contained within the application; (2) that the warrant application failed to demonstrate that normal investigative procedures have been tried and have failed to obtain the evidence sought, or that these procedures reasonably appear unlikely to succeed or would be too dangerous to employ; (3) that the eavesdropping interceptions were obtained without proper efforts to minimize nonpertinent communications; and (4) that the tape recordings were not sealed in a timely manner.
This court has reviewed the eavesdropping warrant signed by the Honorable Robert R. Meehan on October 27, 1987, concerning telephone instrument (914) 429-1662 listed to Patrick Clarke and located at the residence of Peter Fata; the October 30, 1987 order amending the warrant, the November 25, 1987 order extending the warrant, both signed by Judge Meehan; the sealing and storage orders dated November 27, 1987 (for tapes Nos. 1-45), signed by this court, and December 10, 1987 (for tapes Nos. 46-61), signed by Judge Meehan; and the six weekly progress reports submitted by the People.
The court has also reviewed three other eavesdropping warrants which were signed by the Honorable Robert R. Meehan and which incorporated by reference the October 27, 1987 eavesdropping order and the related progress reports, and which were further based upon the conversations overheard pursuant to the October 27, 1987 order. The second warrant is dated November 12, 1987, concerning telephone instrument (914) 639-1235 listed to Jacob Protasow and alleged to be used by Peter Fata. The court has reviewed the warrant and application, the four weekly progress reports and the December 10, 1987 sealing and storage order.
The third warrant is dated November 24, 1987, concerning *982 telephone instrument (914) 429-0988 listed to Dominick Caponigro at 8 Adler Court, West Haverstraw, New York. The court has reviewed the warrant and application, the December 4, 1987 order amending the warrant, the three weekly progress reports, and the December 10, 1987 sealing and storage order.
The fourth warrant is dated December 1, 1987, concerning telephone instrument (914) 429-1466 listed to Dominick Caponigro at 8 Adler Court, West Haverstraw, New York. The court has reviewed the warrant and application, the two weekly progress reports, and the December 10, 1987 sealing and storage order.
The defendants have challenged the use of the intercepted communications obtained by Officer Raymond Gerety through the use of his cordless telephone. They have advanced three arguments to support the exclusion of these communications from use in the warrant application: (a) that under Federal law, conversations on a cordless telephone are protected "wire communications”; (b) that under Federal statutory or constitutional law the conversations on the cordless telephone were "oral communications” concerning which the defendant Fata had a justifiable expectation of privacy; and (c) that Penal Law § 250.00 et seq. prohibit the mechanical overhearing of any conversation without the consent of one party thereto.
That cordless telephone conversations are not "wire communications” was made clear by the 1986 amendment to Public Law 90-351, title III (18 USC § 2510 [1]) which provided that "such term does not include the radio portion of a cordless telephone communication that is transmitted between the cordless telephone handset and the base unit”. However, "oral communications” uttered by those exhibiting a justifiable expectation of privacy are still protected by 18 USC §2510, and, the defendants argue, should be protected by Federal and State constitutional law.
This court finds that those who use cordless telephones do so at their peril. These telephones are FM transceivers and may be easily monitored by anyone in the area who possesses an FM radio receiver, including another cordless telephone. (See, United States v Hoffa, 436 F2d 1243 [7th Cir 1970].) As the court noted in United States v Hall (488 F2d 193, 196 [9th Cir 1973]): "Broadcasting communications into the air by radio waves is more analogous to carrying on an oral communication in a loud voice or with a megaphone than it is to the privacy afforded by a wire.”
*983 In order for this court to find that there is a reasonable expectation of privacy for conversations conducted over cordless telephones, it must not only be shown that the defendant Fata had an actual subjective expectation of privacy but also that the expectation is one that society is prepared to recognize as reasonable. (Katz v United States, 389 US 347, 361 [1967] [Harlan, J., concurring].) Even if it could be believed that the defendant had no knowledge that cordless telephone conversations could be overheard by others, and there is ample evidence to the contrary in the warrant application, that belief is not reasonable given the widespread use of cordless telephones and the common knowledge about how they function. Cordless telephones are a common and convenient form of communication, but they are hardly devices which can assure privacy. Therefore, this court finds that the defendant Fata could not have had a reasonable expectation of privacy in his use of his cordless telephone.
Defendants’ final argument concerning the interceptions by Officer Gerety involve the broad language in Penal Law § 250.00 et seq., which prohibit "wiretapping” or the "mechanical overhearing of a conversation.” These .terms are defined' as follows: " 'Wiretapping’ means the intentional overhearing or recording of a telephonic or telegraphic communication by a person other than a sender or receiver thereof, without the consent of either the sender or receiver, by means of any instrument, device or equipment. The normal operation of a telephone or telegraph corporation and the normal use of the services, and facilities furnished by such corporation pursuant to its tariffs shall not be deemed 'wiretapping.’ ” (Penal Law § 250.00 [1].) " 'Mechanical overhearing of a conversation’ means the intentional overhearing or recording of a conversation or discussion, without the consent of at least one party thereto, by a person not present thereat, by means of any instrument, device or equipment.” (Penal Law § 250.00 [2].)
It would seem that the reception of defendant Fata’s cordless telephone conversations by Officer Gerety on his own cordless telephone is not "wiretapping” since the conversations were obtained through the normal operation of Gerety’s own telephone. However, the defendants urge this court to interpret the Penal Law § 250.00 definition of "mechanical overhearing of a conversation” to prohibit the mechanical overhearing or recording of these types of conversations.
To interpret Penal Law § 250.00 (2) as the defendants urge *984 would mean that criminal sanctions are appropriate against any nonparty who overhears any conversation through the use of a citizen’s band or amateur radio receiver, as well as anyone who monitors someone else’s conversation on a cordless telephone or FM receiver. This interpretation would prohibit the reception of information by people who have done nothing to seek out other’s conversations other than to utilize the normal operation of their own radios or telephones. Those who use a medium of communication which exposes their conversations to those other than the one person to whom they are speaking, take the risk that third parties may overhear their conversations. It is absurd to interpret a criminal statute so as to penalize those who overhear an essentially public conversation, even though the conversation was transmitted and received through some instrument, device or equipment. As indicated above, this court does not believe the defendant Fata had any reasonable expectation of privacy concerning his cordless telephone conversations. Defendant Fata took the risk that someone else would overhear his conversations through the use of the very same equipment he was using. Therefore, the court does not believe Penal Law § 250.00 et seq. bar the use of the interceptions obtained by Officer Gerety.
The defendants have also challenged the search of defendant Fata’s garbage by Detective Casey and the use of the information obtained in the search to establish probable cause for the eavesdropping warrant. It appears that the garbage was searched after it was placed at the curb of defendant’s residence. Defendant argues that his placement of his garbage at the curb was not an act of abandonment but was merely compliance with the town’s trash collection ordinances. He argues that he had an expectation of privacy in that garbage until it was commingled with other trash. When the defendant placed his trash at the curb, however, he lost dominion and control over it and the right to exclude others from it. (Cf., People v Castro, 125 Misc 2d 15, 21 [Sup Ct, NY County 1984].) In fact, the idea of disposing of garbage epitomizes the idea of abandonment, that is, disposing of what is not wanted. This court finds that the defendant Fata’s placement of his garbage at the curb was an abandonment thereof. (People v Reddick, 124 AD2d 609 [2d Dept 1986].) Therefore, the use of the information obtained during the search of the garbage was not improper.
The court further finds that the eavesdropping applica *985 tion, considered in its totality, set forth probable cause for issuance of the warrant. The application reflected not only the interceptions of Officer Gerety and the notes, and cocaine and marihuana residue in defendant Fata’s garbage, but also the information from Officer Gerety’s surveillance showing the vehicle activity at the residence with many vehicles coming to the house, staying for a short time and leaving. The pen register records attached to the application show that telephone calls were being made to and from the residence at the rate of between 40 to 80 calls peí; day, with most calls being under two minutes long. The other information in the application concerning anonymous letters, correspondence or conversations with Jill Carey and her mother, and license plate numbers and owners of vehicles seen at the defendant’s residence, while of less reliability, supported the inferences to be drawn from the other documented information. The application reflected that there was probable cause to believe the telephone line at defendant Fata’s residence was being utilized to commit the crimes of sale and possession of controlled substances.
Furthermore, after review of the other three eavesdropping applications and warrants which were based upon conversations overheard pursuant to the first warrant, the court also finds that they were supported by a sufficient showing of probable cause. Additionally, although the amendment of the November 24, 1987 warrant did not specify a time for eavesdropping, it referred back to the original warrant and was bound by the time frame stated therein. Therefore, the motion to suppress the fruits of any of the eavesdropping warrants is denied.
The warrant application sets' forth sufficient facts to believe that normal investigative procedures had been tried and had failed to obtain the evidence sought, and that other normal procedures either would not succeed or would be too dangerous to employ. The police officer affiant had employed some surveillance and monitoring by Officer Gerety, had investigated the ownership of certain vehicles at the Fata residence, had made spot checks of the residence, had followed up the leads from Jill Carey and her mother, had utilized a pen register and had made a search of the defendant’s garbage. These investigative procedures had not yielded the evidence necessary for a successful prosecution. The supporting affidavit also states that there were unsuccessful attempts to develop further information through the use of informants. *986 The court believes the application makes an adequate showing that normal investigative procedures had been unavailing in this matter.
The court also finds that the tapes were sealed in a timely fashion. The original warrant expired at 11:59 p.m. on November 25, 1987, but was extended on that date to December 25, 1987. Tapes Nos. 1-45 were sealed on November 27, 1987, in the morning. November 26, 1987 had been Thanksgiving Day. Tapes Nos. 46-61 were sealed on December 10, 1987, the day after the eavesdropping ceased. CPL 700.50 (2) provides that "Immediately upon the expiration of the period of an eavesdropping warrant, the recordings of communications made * * * must be made available to the issuing justice and sealed under his directions.” The period of the eavesdropping warrant expired, pursuant to its extension, on December 25, 1987, and was terminated earlier on December 9, 1987, because of the arrest of the defendant. All of the tapes had been sealed within one day of the actual termination of the eavesdropping. This court does not believe the People were obligated to separately seal the tapes made before the date that the October 27, 1987 warrant would have expired. However, even if a separate sealing were necessary, the sealing order was signed less than two days after 11:59 p.m. on November 27, 1987, (See, People v Gallina, 66 NY2d 52 [1985].) Therefore, the motion to suppress the use of the eavesdropping tapes on this basis is denied.