OPINION OF THE COURT
Allan L. Winick, J.
In this contested matrimonial, plaintiff offered into evidence tape recordings made by the son of plaintiff and defendant of *666 telephonic conversations between defendant and third persons. The evidence revealed that the son was listening to an Israeli program on short wave radio in his room when the telephonic conversation was accidentally transmitted through his radio receiver. Recognizing the voices, he turned on his tape recorder and recorded the conversation.
The son testified upon a hearing held by the court that he heard clicking like the dialing of a telephone followed by the voices of his mother and a friend of his mother whose voice he recognized. He was aware that there was a cordless telephone upstairs in his house. Part of the radio was a tape recorder and he pressed the record function button on the recorder and recorded the conversations.
He turned the playback volume low and permitted the tape to run to the end. When he noticed the tape at an end, he replaced it with another and continued to record.
Apparently he told his father, the plaintiff, about the tapes which the plaintiff, over defendant’s objections offered into evidence at the trial, intending that they be played for the court.
CPLR 4506 provides that the contents of any overheard or recorded communication, conversation or discussion, or evidence derived therefrom which has been obtained by conduct constituting the crime of eavesdropping, as defined by section 250.05 of the Penal Law, may not be received in evidence in any trial, hearing or proceeding before any court or Grand Jury; provided, however, that such communication, conversation, discussion or evidence, shall be admissible in any civil or criminal trial, hearing or proceeding against a person who has, or is alleged to have committed such crime of eavesdropping. That section goes on to define the meaning of "aggrieved person”. Clearly, the defendant in this case was an aggrieved person as defined in CPLR 4506.
CPLR 4506 (3) provides that an aggrieved person who is a party in any civil trial may move to suppress the contents of the recorded communication, conversation or discussion or evidence derived therefrom. With respect to CPLR 4506 (4), the motion to suppress was made during the course of the trial. After a hearing conducted by the court, the motion was granted.
Since the defendant could not and did not know about the evidence before the trial, it was proper to move to suppress the evidence when offered at the trial. The court did not *667 require written motion papers since it was about to conduct a hearing on the subject.
Section 250.05 of the Penal Law makes a person guilty of eavesdropping when he unlawfully engages in wiretapping, mechanical overhearing of a conversation or interception or accessing of electronic communication. Wiretapping, as defined in Penal Law § 250.00 means the intentional overhearing or recording of a telephonic or telegraphic communication by a person other than a sender or receiver thereof without the consent of either the sender or receiver by means of any instrument, device or equipment and "mechanical overhearing of a conversation” means the intentional overhearing or recording of a conversation or discussion, without the consent of at least one party thereto, by a person not present therein, by means of any instrument, device or equipment.
Eavesdropping is a class E felony.
It is necessary, therefore, for this court to determine whether or not the tapes offered in evidence by the plaintiff made as a result of this recording by the parties’ son were made in violation of section 250.05 of the Penal Law.
As stated by Judge Donnino in the Practice Commentaries in the Penal Law (McKinney’s Cons Laws of NY, Book 39, Penal Law § 250.05, at 315-316):
"In broad terms, 'wiretapping’ relates to the unlawful interception of a telephone or telegraphic communication; 'mechanical overhearing of a conversation’ refers to the unlawful interception of a 'face to face’ conversation of two or more people; and the 'intercepting or accessing of an electronic communication’ refers to the unlawful interception of electronic communications, such as a communication between 'fax’ machines * * *
rr fWiretapping’ is generally committed when a person intentionally overhears or records a telephonic or telegraphic communication, without the consent of a party to the communication, by means of an instrument, device or equipment * * *
"By the 1988 amendment [to this statute], the term 'telephonic communication’ was defined [§ 250.00 (3)] and limited generally to an 'aural transfer’ (i.e., a transfer containing the human voice [§ 250.00 (4)]) made 'in whole or in part’ through the use of facilities for the transmission of communications by the aid of wire, cable or other like connection, as well as any electronic storage of such communication, such as the tape made by a telephone answering machine.
*668 "A 'telephonic communication’ [as so defined] will include cellular and cordless telephonic communications. With respect to the cordless telephone, some courts have taken the position that there can be no reasonable expectation of privacy with respect to that portion of a cordless telephonic communication which constitutes a radio transmission because that communication may be readily overheard by neighbors by means of a radio; thus those courts do not afford any constitutional protection to eavesdropping on the radio transmission portion of a cordless telephonic communication. Federal statutory law, following that view, similarly offers no statutory protection to the radio transmission portion of a cordless telephone communication [18 U.S.C.A. 2510 (1)]. New York, however, has by statute recognized that people are entitled to privacy in their telephonic communications even if a portion of the conversation is transmitted by radio. Accordingly, 'telephonic communication’ is defined to include any 'aural transfer’, even one made only 'in part’ through the use of wire, cable, or other like connection. Since the cordless telephone in part depends on the use of a telephone wire between the base of the cordless telephone of one party to a conversation and the telephone or base of the cordless phone of the second party, a cordless telephonic communication is encompassed within the definition of 'wiretapping.’ ”
An analysis of section 250.05 of the Penal Law as applied to this case impels the court to suppress the tapes which it now holds were illegally made and violated the provision of section 250.05 of the Penal Law. Cases cited by the plaintiff herein in support of the admission of the tape predate the amendment to the New York statute in 1988 and are based upon a prior amendment to the Federal statute mentioned above. (18 USC § 2510 [1]; see, People v Fata, 139 Misc 2d 979.)
In the instant case, there was no consent of a party to the conversation which would exempt this conversation from the statutory prohibition (see, People v Lasher, 58 NY2d 962).
This court, therefore, has determined that these tapes and any evidence derived therefrom in accordance with CPLR 4506 are suppressed and barred at the trial.