901 P.2d 1197

The STATE of Arizona, Appellee,

v.

Ana Patricia DURAN, Appellant.

No. 2 CA–CR 93–0655.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 28, 1995.

As Corrected March 27, 1995.

Review Denied Sept. 12, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Eric J. Olsson, Tucson, for appellee.

Eric A. Larsen, Tucson, for appellant.

## OPINION

ESPINOSA, Presiding Judge.

Appellant Ana Patricia Duran was convicted of possession for sale of more than eight pounds of marijuana and was sentenced to a mitigated five-year term of imprisonment. In the sole issue raised on appeal, she contends that the trial court erred in denying her motion to suppress evidence obtained through a search warrant based on alleged violations of wiretapping laws and her constitutional rights. We affirm.

The discovery of marijuana at Duran's home and her subsequent arrest arose out of the following events. An off-duty sheriff's deputy who lived two houses away from Duran was at home listening to a radio scanner which intercepted a telephone call made on a cordless telephone. The deputy, who happened to be an undercover narcotics officer, recognized Duran's voice and concluded that the parties to the conversation were using code words for drugs. He then observed a

**168**

man in a pick-up truck drive up to and enter Duran's house. While the man was in the house, the deputy overheard a second phone conversation between the same parties, in which Duran stated "he just got here, he almost caught me taking the three," and that "he took a bag of it" and did not notice that she had taken some. She told the other party to the conversation to come over and pick up three pounds.

The deputy saw the man come out of Duran's house with a bag which he put in the truck. He recorded the license number as the truck drove away and alerted police, who then stopped it. The man consented to a search, which revealed five pounds of marijuana in the bag. Based on all of this information, the police obtained a search warrant for Duran's house, in which they found large bags of marijuana and drug paraphernalia.

 Duran claims on appeal that evidence of her conversations should have been suppressed because they were intercepted in violation of federal and state wiretap laws as well as federal and state constitutional provisions. Both the federal statute in effect at the time of Duran's offense and current state law protect the privacy of wire, electronic, and certain oral communications from unauthorized interception but expressly exclude communications between a cordless telephone handset and its base unit from the definitions of wire and electronic communications. 18 U.S.C. § 2510(1)[1] and (12)(A); A.R.S. § 13–3004(3)(a) and (12). Accordingly, the warrant requirement of the wiretap statutes applies only if Duran's conversation constituted an "oral communication," that is, an "oral" or "spoken communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such

expectation...." 18 U.S.C. § 2510(2); A.R.S. § 13–3004(7).

There are no Arizona cases addressing the issue of whether conversations intercepted from a cordless telephone constitute oral communications within the meaning of § 13–3004(7). Cases from other jurisdictions construing its federal counterpart appear to be unanimous in holding that such communications are not within the protected category either because the interception is of radio waves rather than the person's "actual utterances that were overheard," *see United States v. Smith,* 978 F.2d 171, 175 (5th Cir. 1992), *cert. denied,* 507 U.S. 999, 113 S.Ct. 1620, 123 L.Ed.2d 179 (1993), or because the speaker can have no reasonable expectation of privacy in view of the ease with which cordless telephone conversations may be intercepted by other telephones or nearby radios, and accompanying manufacturers' warnings to that effect, including operation manuals or warning labels required by federal law.[2] *See State v. Howard,* 235 Kan. 236, 679 P.2d 197 (1984); *see also Tyler v. Berodt,* 877 F.2d 705 (8th Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990); *Edwards v. Bardwell,* 632 F.Supp. 584 (M.D.La.1986); *People v. Fata,* 139 Misc.2d 979, 529 N.Y.S.2d 683 (1988); *State v. Delaurier,* 488 A.2d 688 (R.I.1985); *State v. Smith,* 149 Wis.2d 89, 438 N.W.2d 571 (1989). The lone exception appears to be *United States v. Hall,* 488 F.2d 193 (9th Cir.1973), on which appellant relies.

In *Hall,* the Ninth Circuit construed the federal statute to achieve the anomalous result that conversations conducted entirely on radio phones are "oral communications" and subject to a different standard than conversations conducted between a radio telephone and a land-based telephone, which were held to be "wire communications." *Hall* has been

---

1. Congress has recently amended the federal statute to eliminate the cordless telephone exception from the definition of "wire communication" and to make the noncommercial interception of cordless telephone communications punishable by civil fine. Pub.L. No. 103–404, 108 Stat. 4290 (1994). This does not affect our analysis because a change in well-settled law is not retroactive for purposes of suppressing evidence under the exclusionary rule, *United States v. Peltier,* 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374

(1975); *see generally State v. Espinosa–Gamez,* 139 Ariz. 415, 678 P.2d 1379 (1984), and case law interpreting the former statute remains useful in interpreting Arizona's statute.

2. Federal regulations require that all cordless telephones bear a label warning that "privacy of communications may not be ensured while using this phone." 47 C.F.R. § 15.21 (1994).

the subject of much criticism;[3] moreover, it was decided over twenty years ago, well before the cordless telephone exclusion was added to the statute. We therefore decline to attempt to apply it here.

We find more sensible and in step with current law the Fifth Circuit's analysis in *United States v. Smith*, which held, based on the relevant legislative history, that Congress did not intend to include within the definition of oral communications matters it had expressly excluded from wire and electronic communications, particularly in light of case law preceding the definitional amendments holding that oral communications did not include this portion of conversations on a cordless telephone. 978 F.2d at 176. Given our legislature's use of language in § 13-3004(7) essentially identical to that in the federal definition, we see no basis for construing our statute differently. We therefore hold that the officer's warrantless interception of Duran's conversation, under the facts of this case, did not violate either the federal or state wiretap laws.

Duran also contends that the interception of her conversations violated her right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and her right to privacy under article II, § 8 of the Arizona Constitution. With regard to the Fourth Amendment claim, Duran had the burden, based on *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), of showing that she had a reasonable expectation of privacy in her cordless telephone transmissions given the fact that such transmissions are readily intercepted, usually unintentionally, by nearby radios, telephones and other equipment. In this regard, we agree with the Fifth Circuit that "the issue is not whether it is *conceivable* that someone could eavesdrop on a conversation but whether it is *reasonable* to expect privacy." *United States v. Smith*, 978 F.2d at 179 (emphasis in original).

The only evidence on this point was Duran's testimony that she had read the instructions for her cordless telephone but that they did not indicate to her that her conversations could be "overheard" by other people with cellular or portable phones. It is well settled that an individual's subjective expectation of privacy alone is not enough to give rise to Fourth Amendment protection. *Hall; United States v. Fisch*, 474 F.2d 1071 (9th Cir.1973); *United States v. Smith*. As one federal court has observed:

These telephones are FM transceivers and may be easily monitored by anyone in the area who possesses an FM radio receiver, including another cordless telephone. Even if it could be believed that the defendant had no knowledge that cordless telephone conversations could be overheard by others, ... that belief is not reasonable given the widespread use of cordless telephones and the common knowledge about how they function.

*United States v. Carr*, 805 F.Supp. 1266, 1271 (E.D.N.C.1992), quoting *People v. Fata*, 529 N.Y.S.2d at 686. In view of the undisputed testimony as to how the conversation was intercepted, and the absence of any testimony that Duran's telephone was designed to prevent interception or scramble the signal, *see United States v. Smith*, the trial court did not abuse its discretion in concluding that Duran's testimony was insufficient to support the conclusion that she could reasonably have expected her conversation to have been private.

As to Duran's claim under the state constitution, it was argued only on the basis that the interception violated the wiretap statute which implemented the privacy provision. We have rejected that claim and will not consider others not presented to the trial court. *See Taylor v. Sherrill*, 169 Ariz. 335, 819 P.2d 921 (1991).

We have reviewed the entire record for fundamental error and have found none. We therefore affirm.

LIVERMORE and HATHAWAY, JJ., concur.

3. *See, e.g., Dorsey v. State*, 402 So.2d 1178 (Fla. 1981); *Howard; Delaurier;* *State v. Smith. See* also *Edwards*, 632 F.Supp. at 589 (discussing "absurd" ramifications of *Hall*).