S99A1309. BARLOW v. BARLOW.
(526 SE2d 857)

FLETCHER, Presiding Justice.

In this divorce action, Ronnie Barlow sought to introduce a neighbor's tape recording of a cordless telephone conversation between his wife Elaine Barlow and another person. The trial court denied the wife's motion to suppress the recording, but certified its order for immediate review. We granted an interlocutory appeal to determine whether a tape recording of a cordless telephone conversation that is intercepted by a person who is not a party to the conversation is admissible into evidence. Because Georgia law entitles a person who talks on a cordless home telephone to have a reasonable expectation of privacy, we hold that the husband may not introduce his wife's recorded telephone conversation into evidence.

1. OCGA § 16-11-62 (4) states that it shall be unlawful for "[a]ny person intentionally and secretly to intercept by the use of any device, instrument, or apparatus the contents of a message sent by telephone, telegraph, letter, or by any other means of private communication." The dictionary defines a telephone as "an instrument for reproducing sounds esp[ecially] articulate speech at a distance" or "any of various devices (as a sound-signalling device or a speaking tube) resembling or suggesting the telephone."[1] Applying the plain meaning of the word "telephone," the statute covers Mrs. Barlow's conversation on her cordless telephone.[2]

In addition, the legislative intent in enacting the wiretapping statute supports protecting cordless telephone conversations from interception. In *Ransom v. Ransom,*[3] we stated that the purpose of

---

[1] Webster's Third New International Dictionary 2350 (1961).

[2] See *Salmon v. State,* 206 Ga. App. 469, 472-473 (426 SE2d 160) (1992) (Cooper, J., specially concurring) (noting that the Georgia legislature did not qualify the term telephone to distinguish between communications involving a wire or cable and communications involving radio waves).

[3] 253 Ga. 656, 658 (324 SE2d 437) (1985).

the law was to protect all persons from invasion of their privacy. "The employment of devices which would permit the clandestine overhearing, recording or transmitting of conversations or observing of activities which occur in a private place has come to be a threat to an individual's right of privacy and, therefore, should be prohibited."[4] In that case, we held that a husband could not introduce into evidence the tape recordings of his wife's telephone conversations conducted in their marital residence, even for impeachment purposes.

Similarly, Mr. Barlow should not be able to introduce a recording of his wife's telephone conversation that she conducted on their home telephone. If we were to exclude cordless telephone conversations from the protection of the state wiretapping statute, we would give more protection to phone conversations on cellular phones conducted in bars, stores, and banks or on the street than to phone conversations conducted in the privacy of one's home. It defies law, logic, and common sense to distinguish between the privacy expectations of individuals when talking on a cordless telephone and their expectations when talking on a land line or cellular telephone, especially when the conversation occurs in the speaker's home.

Finally, the legislature's enactment of OCGA § 16-11-66.1 supports construing OCGA § 16-11-62 (4) to protect messages sent by cordless telephones from intentional interception. In 1992, the Court of Appeals of the State of Georgia construed the term "private communication" in section 16-11-62 (4) to exclude conversations on a cellular telephone "because cellular telephones transmit 'FM' radio waves for anyone to hear."[5] During the next legislative session, the Georgia General Assembly passed section 16-11-66.1 prohibiting any person from intercepting or receiving cellular telephone communications. The legislation was intended to extend previous land-line law to cover cellular, wireless communications.[6] Thus, the legislature was attempting to protect the privacy of all telephone conversations, regardless of the method used to transmit it.

2. Even if we were to apply a technical definition and construe a cordless telephone as neither a "telephone" nor "cellular radio telephone" under our wiretapping statute, the cordless telephone has elements in common with each. Therefore, we also construe the term "private communication" in section 16-11-62 (4) to include cordless telephones.

In sum, our wiretapping statutes were intended to protect the contents of messages sent by private means of communication, such

---

[4] Id.

[5] *Salmon v. State*, 206 Ga. App. at 470-471.

[6] See Daliah Brill, *Offenses Against Minors: Prohibit the Electronic Furnishing of Obscene Material to Minors*, 10 GA. ST. U.L. REV. 104 (1993).

as the telephone, telegraph, or letter. Because individuals engaged in conversations on the telephone, whether land line, cordless, or cellular, expect their conversation to be private, our wiretapping statutes protect cordless telephone conversations from interception.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 28, 2000.

*Joseph M. Todd,* for appellant.
*Ferguson, Ferguson & Morris, Monroe Ferguson, Ricky W. Morris, Jr.,* for appellee.